FILED

MAY 0 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Government Exhibit 2** |
| Plaintiff, | ) | |
| v. | ) | NO. P-18-CR- |
| TROY LAYTON BAKER, | ) | |
| Defendant. | ) | |

## FACTUAL BASIS

The United States was prepared to show the following facts through competent evidence beyond a reasonable doubt that the Defendant is guilty had this case gone to trial. The defendant and his attorney have signed this factual basis. By signing this factual basis, the Defendant admits and stipulates that the following facts are true and accurate and that they support his plea of guilt and that the Defendant admits guilt.

Between on or about April 29, 2014, to on or about February 16, 2016, the Defendant was involved in the plant business with a focus on cactus. The Defendant would harvest these plants within the Pecos Division, of the Western District of Texas, and then transport these plants to his residence also located within the Western District of Texas. There he would mail these plants to various customers all over the world.

The plants in question were primarily the living rock cacti (*Ariocarpus fissuratus*), a plant listed in Appendix I to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES").

Pursuant to 16 U.S.C.A. § 1538(c)(1):

It is unlawful for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of the Convention, or to possess any specimens traded contrary to the provisions of the Convention, including the definitions of terms in article I thereof.

Pursuant to the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), Article I(c) and (b):

"Trade" means export, re-export, import and introduction from the sea.

"Specimen" means:
(i) any animal or plant, whether alive or dead;
(ii) in the case of a plant: for species included in Appendix I, any readily recognizable part or derivative thereof; and for species included in Appendices II and III, any readily recognizable part or derivative thereof specified in Appendices II and III in relation to the species; . . .

The CITES Permit Requirements:

For specimens of species listed in Appendix I, a valid export permit issued by the CITES Management Authority in the specimen's country of origin (or a valid re-export certificate issued by the country of re-export), as well as a valid import permit from the country of import, must be obtained prior to shipping any such species from one country to another.

The Defendant, was aware of the law and in order to avoid detection of his business transactions, knowingly and intentionally mislabeled what was in the packages that he was shipping overseas, in foreign commerce.

Specifically, for example, on January 20, 2015, in the Western District of Texas, Troy Baker mailed a package containing one (1) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Wu Kai in Shanghai, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor,

Ornaments". The package was identified as USPS tracking number EZ0210955091US. Baker signed the document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

On March 12, 2015, in the Western District of Texas, Troy Baker mailed a package containing seven (7) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Huang Bin in Guangdong, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor, Ornaments". The package was identified as USPS tracking number EZ021095131US. Baker signed the document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Again, on March 12, 2015, in the Western District of Texas, Troy Baker mailed a package containing six (6) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Huang Bin in Guangdong, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor, Ornaments". The package was identified as USPS tracking number EZ021095159US. Baker signed the document. The package contained no additional documents, including

any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

On April 8, 2015, in the Western District of Texas, Troy Baker mailed a package containing two (2) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Liu Jianjun in Yunnan, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor, Ornaments". The package was identified as USPS tracking number EZ021149965US. Baker signed the document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

Again, on April 8, 2015, in the Western District of Texas, Troy Baker mailed a package containing three (3) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Zhang Xiaoyan in Beijing, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor, Ornaments". The package was identified as USPS tracking number EZ021149957US. Baker signed the document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

And, yet again, on April 8, 2015, in the Western District of Texas, Troy Baker mailed a package containing seven (7) living rock cacti that was intended to be shipped internationally, via the United States Postal Service, from Marathon, Texas to Huang Bin in Guangdong, China. On the United States Postal Service (USPS) Form 2976-A, Customs Declaration and Dispatch Note, Baker listed the contents as "Home Décor, Ornaments". The package was identified as USPS tracking number EZ030320357US. Baker signed the document. The package contained no additional documents, including any type of exporting documents, issued through the United States Fish and Wildlife Service, needed to legally export such products as mentioned above.

During the course of the investigation, Agents intercepted a total of 6 shipments of living rock cacti (*Ariocarpus fissuratus*) that the Defendant exported and in doing so intentionally mislabeled to cover the true identity of the contents that he was shipping, to wit: living rock cacti (*Ariocarpus fissuratus*).

During a subsequent search of the Defendant's residence and business it was determined that the Defendant had shipped and mislabeled at least 83 shipments of plants that were protected under "CITES". That the market value of the plants that were exported was over $350. In fact, the Defendant grossed approximately $74,990.01 by mislabeling protected plants he mailed or exports overseas.

The Defendant, after waiving his rights, admitted that he was aware of what he was doing was illegal. He was aware the living rock cacti was a protected species of plants and

that to insure his illegal actions would not be readily identified he mislabeled the packaging when he shipped the plants overseas.

TROY LAYTON BAKER          *Troy Baker*        5-13-18
Defendant

*[signature]*

PAUL CHAMBERS
Defense Counsel

*[signature]*

JAMES J. MILLER, JR.
Assistant United States Attorney