UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|    Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. P-18-CR-303(1)-DC |
| ) | |
| TROY LAYTON BAKER,   ) | |
|    Defendant.   ) | |

### APPLICATION FOR TURNOVER ORDER

Now comes Plaintiff, UNITED STATES OF AMERICA, and applies for a turnover order as follows:

**Background**

1. On August 27, 2018, the Court sentenced Defendant Troy Layton Baker to three years of probation and to pay a special assessment of $100.00 and restitution in the amount of $15,804.00 after he pled guilty to one count of Mislabel of Exports in violation of Title 16 U.S.C. § 3372(d) and 18 U.S.C. § 2. (Doc. No. 35). On that date, a federal tax type lien arose and was automatically and statutorily imposed on all of Defendant's property for collection of the outstanding criminal debt. *See* 18 U.S.C. § 3613(c). According to the records of the United States District Clerk, $10,804.00 has been applied towards the restitution and the $100.00 special assessment has been paid in full.

2. The United States Attorney's Office for this district was informed that there is $5,004.00 in currency belonging to Defendant currently in the custody of the U.S. Fish and Wildlife Service that can be used to fully satisfy the Defendant's criminal obligations. The U.S. Fish and Wildlife Service identified this property as belonging to Defendant when it was seized from his residence during the execution of a search warrant on March 9, 2016.

**Argument and Authorities**

The United States moves this Court for an order directing the U.S. Fish and Wildlife Service to turn over $5,004.00 to the Clerk of Court as payment towards Defendant's criminal debt.

Collection by the United States is governed by the Federal Debt Collection Procedures Act ("FDCPA"). 28 U.S.C. § 3001, *et seq.* Although this statute contains several express remedies, it also provides that these remedies are not exclusive. Section 3003(b)(2) provides that the FDCPA "shall not be construed to curtail or limit the right of the United States under any Federal law or any State law … to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case."

The Texas turnover statute is the necessary remedy in this instance. The Fifth Circuit has previously approved the use of the turnover statute to enable the United States to collect a criminal debt. *United States v. Diehl*, 848 F.3d 629 (5th Cir. 2017). To obtain a turnover order, the Government must provide evidence of the following: (1) the defendant owns the property;[1] (2) the property is not exempt from attachment, execution, or seizure; and (3) the property cannot readily be attached or levied on by ordinary legal process. TEX. CIV. PRAC. & REM. CODE § 31.002(a); *e.g., Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Here, the currency is being held by the U.S. Fish and Wildlife Service as Defendant's property was seized at the time a search warrant was executed at his residence. Under Texas law,

---

[1] The broad definition of "property" under the FDCPA supports this position. "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts). *See* 28 U.S.C. § 3002(12).

possession of personal property has been held to be *prima facie* evidence of ownership. *See Worth Tool & Die Co. v. Atlantis Elec. Corp.*, 398 S.W. 2d 656 (Tex. Civ. App. 1965); *see also United States v. Currency $11,331,* 482 F.Supp.2d 873, 881 (E.D. Mich. 2007) (in applying Michigan law, holding that possession of cash is *prima facie* evidence of ownership). Likewise, it has long been understood that money is personal property. *See Garrigo v. United States*, 296 F.Supp. 1110, 1115 (N.D. Tex. 1968) ("once money is received and subjected to the unrestricted disposal of the recipient, such money becomes personal property irrespective of the source from which it was received"). Second, the property/currency is not exempt. Title 18 U.S.C. § 3613(a)(1) provides for very limited exemptions, and none of those exemptions apply in this case. Furthermore, it is clear that the Government's lien attached to the Defendant's currency being held by U.S. Fish and Wildlife Service at the time the order of restitution was issued. *See also* 18 U.S.C. § 3613(a)(c).

Finally, the property cannot be attached by ordinary process. The currency is held by the U.S. Fish and Wildlife Service. Under the Federal Debt Collection Procedures Act, the Government is provided with several specific enforcement mechanisms, including judgment liens (28 U.S.C. § 3201), the ability to seek a writ of execution (28 U.S.C. § 3203), the ability to seek imposition of an installment payment order (28 U.S.C. § 3204), and garnishment (28 U.S.C. § 3205). The installment payment remedy is clearly inapplicable. Likewise, garnishment and execution are inapplicable here since the property is being held by law enforcement following the execution of a search warrant and the Defendant's guilty plea.

**WHEREFORE**, the United States respectfully requests that the Court enter an order directing the U.S. Fish and Wildlife Service to turn over $5,004.00 to the United States District Clerk and that the United States District Clerk be directed to apply the monies to Defendant's criminal debt(s).

    Respectfully submitted,

    JOHN F. BASH
    UNITED STATES ATTORNEY


By:  /s/ *Gary W. Wright*
    **GARY W. WRIGHT**
    Assistant United States Attorney
    Texas Bar No. 24047145
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas  78216
    Telephone: (512) 687-0820
    Facsimile:  (210) 384-7247
    E-mail: Gary.Wright@usdoj.gov

    **ERICA BENITES GIESE**
    Assistant United States Attorney
    Texas Bar No. 24036212
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas  78216
    Telephone: (210) 384-7255
    Facsimile:  (210) 384-7247
    E-mail: Erica.Giese@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Application for Turnover Order was electronically filed via the Court's CM/ECF system on **November 30, 2018** and served on:

| | |
|---|---|
| Troy Layton Baker | U.S. Fish and Wildlife Service |
| 19908 Blanco Drive | 5563 DeZavala Road |
| Lago Vista, TX 78645 | Suite 290-A |
| *Defendant* | San Antonio, TX 78249 |

                                      /s/ *Gary W. Wright*
                                      **GARY W. WRIGHT**
                                      Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   )   | |
|    Plaintiff,   ) | |
| )  | |
| vs.   )  | Case No. P-18-CR-303(1)-DC |
| )  | |
| **TROY LAYTON BAKER,**   )  | |
|    Defendant.   )  | |

## TURNOVER ORDER

Came on to be considered the application of the United States of America for Turnover Order in this case. The Court makes the following findings and concludes that the application should be GRANTED.

On August 27, 2018, the Court sentenced Defendant Troy Layton Baker to three years probation and to pay a special assessment of $100.00 and restitution in the amount of $15,804.00 after he pled guilty to one count of Mislabel of Exports in violation of Title 16 U.S.C. § 3372(d) and 18 U.S.C. § 2. At the time of sentencing, a lien was created in favor of the United States that is enforceable in the same manner as a federal tax lien. *See* 18 U.S.C. § 3613(c). According to the records of the United States District Clerk for the Western District of Texas, $5,051.42 remains outstanding on Defendant's debt including $51.42 in interest. The judgment bears interest at the rate of 2.5%.

**IT IS THEREFORE ORDERED** that the U.S. Fish and Wildlife Service turn over the *$5,004.00* seized from Defendant's residence during the execution of a search warrant on March 9, 2016 to the United States District Clerk for the Western District of Texas. The check (which shall be in the form of a money order or cashier's check) shall be made payable to "United States

2

District Clerk" and shall reference **"U.S. v. TROY LAYTON BAKER, Case No. P-18-CR-303-DC(1)** on the memo line.  The check shall be mailed to:

United States District Clerk's Office
410 South Cedar Street
Peco, Texas 79772

**IT IS FURTHER ORDERED** that the United States District Clerk shall apply the amount received as payment towards Defendant's criminal debt.


Dated: _____            _____
                                          DAVID COUNTS
                                          UNITED STATES DISTRICT JUDGE

2